1  GEORGE E. AKWO (State Bar #164670)
   Law Offices of George E. Akwo
2  12080 Ventura Place, Suite D
   Studio City, CA 91604
3  Telephone: (310) 435-9406
   Facsimile: (310) 496-2458
4  Email: gakwo@hotmail.com

5  OPHIR J. BITTON (State Bar #204310)
   Bitton & Associates
6  12080 Ventura Place, Suite D
   Studio City, CA 91604
7  Telephone: (818) 524-1223
   Facsimile: (818) 524-1224
8  Email: ophir@bittonlaw.com

9  Attorneys for Plaintiff
   SOLID 21, INC.
10

11  **UNITED STATES DISTRICT COURT**

12  **CENTRAL DISTRICT OF CALIFORNIA**

13  SOLID 21, INC., a Nevada Corporation
14  headquartered in Los Angeles, California,

15               Plaintiff,                    CV10 7079 SVW (AGRx)
                                               CASE NO:
16
17  vs.                                        **COMPLAINT FOR**
                                               **TRADEMARK**
18  LVMH, a French Corporation;                **INFRINGEMENT, UNFAIR**
    RICHEMONT INTERNATIONAL S.A., a            **COMPETITION, FALSE**
19  Swiss corporation; ROLEX, a Swiss          **DESCRIPTION; INJUNCTIVE**
    Corporation; ULYSSE NARDIN, INC., a        **AND DECLARATORY RELIEF**
20  Florida Corporation; MONTRES CORUM
21  SARL, a Swiss Corporation; THE
22  SWATCH GROUP, a Swiss corporation;         **DEMAND FOR JURY TRIAL**
    BREITLING SA, a Swiss Corporation;
23  FRANCK MULLER, a Swiss Corporation. ;
24  CHOPARD, a Swiss Corporation; MAKUR
    DESIGN, INC., a New York corporation;
25  and DOES 1-10 inclusive,
26
27               DEFENDANTS.
28

1    Plaintiff SOLID 21 INC. (hereinafter "Plaintiff" and/or "SOLID 21"), a Nevada

2  Corporation with principal place of business in Los Angeles, California, by and through its

3  undersigned attorneys, alleges for its Complaint against defendants LVMH, a French corporation;

4  RICHEMONT INTERNATIONAL S.A., a Swiss corporation; ROLEX, a Swiss Corporation;

5  ULYSSE NARDIN, INC., a Florida Corporation; MONTRES CORUM SÀRL, a Swiss

6  Corporation; THE SWATCH GROUP, a Swiss corporation; BREITLING SA, a Swiss

7  Corporation; FRANCK MULLER, a Swiss Corporation ; CHOPARD, a Swiss Corporation;

8  MAKUR DESIGN, INC., a New York corporation; GRAHAM-LONDON, a British

9  Corporation; KOBOLD WATCH COMPANY LLC, a Pennsylvania LLC; PIERRE KUNZ USA

10  INC., a New York Corporation; EBEL, a Swiss Corporation; BULGARI, an Italian Corporation;

11  and DOES 1-200, inclusive, (collectively, "DEFENDANTS") as follows:

12                    **I.    NATURE OF THE ACTION**

13  1.    This is a complaint for Trademark Infringement, Unfair Competition, and False

14  Description arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark

15  Infringement) and 1125(a) and (c) (Unfair Competition and False Description), for Unfair

16  Business Practice arising under California Business and Professions Code §§ 14245 et seq. and

17  17200 et seq., and for declaratory relief (see, 15 U.S.C. § 1065).

18  2.    SOLID 21 is the owner of the registered and incontestable trademark RED GOLD(R) for,

19  *inter alia,* fine jewelry and watches made from a special alloying of gold with a distinct color

20  made into fine jewelry in connection with the manufacture, marketing and advertising of

21  watches, necklaces, bracelets, rings, anklets, cuff links, ornamental hair pins, belt buckles of

22  precious metal, tie clips and pegs and earrings known as "RED GOLD(R)." The trademark is

23  capsulated in the following trademark information and in the trademark certificate attached

24  hereto as Exhibit 1 and incorporated herein as though fully set forth:

25                U.S. Trademark Registration No. 2,793,987

26                Mark: RED GOLD(R)

27                Registered: December 16, 2003

28                Owner: SOLID 21 Incorporated

Trademark Complaint For Damages           2

1      In addition, on August 21, 2009, the Commissioner of Trademarks, United States Patent

2 and Trademark Office issued the following Notice of Use and Incontestability in regards to

3 Plaintiff's RED GOLD(R) trademark (a true and correct copy of said Notice of Incontestability is

4 attached hereto as Exhibit 2 and Incorporated herein as though fully set forth):

5                      "The combined declaration of use and incontestability filed in connection

6                      with the registration identified below meets the requirements of Sections 8 and 15

7                      of the Trademark Act, 15 U.S.C. §1058 and 1065. The combined declaration is

8                      accepted and acknowledged. The registration remains in force.

9                      REG NUMBER: 2793987

10                      MARK: RED GOLD(R)

11                      OWNER: Solid 21 Incorporated"

12 3.     SOLID 21 seeks equitable relief, as well as compensatory and monetary damages, costs

13 and disbursements. (15 U.S.C. §§ 1116 and 1117.) Plaintiff also brings this action for monetary

14 damages it has suffered as a result of DEFENDANTS' unfair competition and intentional

15 violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

16                  **II.     JURISDICTION AND VENUE**

17 4.     This Court has original subject-matter jurisdiction over this action pursuant to 15 U.S.C.

18 § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b) because this action involves substantial

19 claims arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. 1051, *et*

20 *seq.*, including claims Trademark Infringement, Unfair Competition, and False Description

21 arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement)

22 and 1125(a) (Unfair Competition and False Description), for Unfair Business Practice arising

23 under California Business and Professions Code § 17200 et seq., and for injury to business

24 reputation.

25      This Court also has supplemental jurisdiction over related state dilution and unfair

26 competition in violation of the laws of the State of California pursuant to 28 U.S.C. §§ 1338(b),

27 1367 and the doctrine of supplemental jurisdiction, because such state law claims are so related

28

Trademark Complaint For Damages      3

1 | to the claims within the Court's original jurisdiction that they form part of the same case and
2 | controversy.

3 | 5.    This Court has personal jurisdiction over the defendants because they have personally
4 | availed themselves by doing substantial business in California.

5 | 6.    Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial
6 | part of the events or omissions giving rise to the claims occurred in this district, and a substantial
7 | part of the property that is the subject of the action is situated in this district.

8 | ### III.    INTRADISTRICT ASSIGNMENT

9 | 7.    This is a trademark case subject to district-wide assignment under Local Rule 3-2(c).

10 | ### IV.    THE PARTIES

11 | 8.    SOLID 21 is a corporation organized and existing under the laws of the State of Nevada
12 | with its principal place of business at 22287 Mulholland Highway Suite 82, Calabasas, CA
13 | 91302.

14 | 9.    SOLID 21 is informed and believes and on this basis alleges that defendant LVMH. is a
15 | corporation organized and existing under the laws of France. They are infringing Plaintiff's
16 | trademark through the following wholly-owned subsidiary/brand name: HUBLOT and LOUIS
17 | VUITTON.

18 | 10.    SOLID 21 is informed and believes and on this basis alleges that defendant
19 | RICHEMONT INTERNATIONAL S.A. is a corporation organized and existing under the laws
20 | of Switzerland. They are infringing Plaintiff's trademark through the following wholly-owned
21 | subsidiary/brand names: BAUME ET MERCIER, INTERNATIONAL WATCH COMPANY,
22 | MONTBLANC.

23 | 11.    SOLID 21 is informed and believes and on this basis alleges that defendant ROLEX. is a
24 | corporation organized and existing under the laws of Switzerland.

25 | 12.    SOLID 21 is informed and believes and on this basis alleges that defendant ULYSSE
26 | NARDIN, INC. is a corporation organized and existing under the laws of the State of Florida.

27 | 13.    SOLID 21 is informed and believes and on this basis alleges that defendant MONTRES
28 | CORUM SARI is a corporation organized and existing under the laws of Switzerland.;

Trademark Complaint For Damages    4

1 | 14.    SOLID 21 is informed and believes and on this basis alleges that defendant THE

2 | SWATCH GROUP is a corporation organized and existing under the laws of Switzerland. They

3 | are infringing Plaintiff's trademark through the following wholly-owned subsidiary/brand name:

4 | BLANCKPAIN, OMEGA.

5 | 15.    SOLID 21 is informed and believes and on this basis alleges that defendant BREITLING

6 | SA is a corporation organized and existing under the laws of Switzerland.

7 | 16.    SOLID 21 is informed and believes and on this basis alleges that defendant FRANK

8 | MULLER, is a corporation organized and existing under the laws of Switzerland.

9 | 17.    SOLID 21 is informed and believes and on this basis alleges that defendant CHOPARD is

10 | a corporation organized and existing under the laws of Switzerland.

11 | 18.    SOLID 21 is informed and believes and on this basis alleges that defendant MAKUR

12 | DESIGN, INC. is a corporation organized and existing under the laws of the State of New York.

13 | 19.    SOLID 21 is informed and believes and on this basis alleges that defendant GRAHAM-

14 | LONDON is a corporation organized and existing under the laws of the United Kingdom;

15 | 20.    SOLID 21 is informed and believes and on this basis alleges that defendant KOBOLD

16 | WATCH COMPANY LLC, is a limited Liability Company organized and existing under the

17 | laws of the State of Pennsylvania.

18 | 21.    SOLID 21 is informed and believes and on this basis alleges that defendant PIERE

19 | KUNZ USA INC, is a corporation organized and existing under the laws of the State of New

20 | York.

21 | 22.    SOLID 21 is informed and believes and on this basis alleges that defendant EBEL is a

22 | corporation organized and existing under the laws of Switzerland.

23 | 23.    SOLID 21 is informed and believes and on this basis alleges that defendant BULGARI is

24 | a corporation organized and existing under the laws of Italy.  Defendant BULGARI is infringing

25 | Plaintiff's trademark through its wholly owned subsidiary called Bulgari Time S.A.,

26 | headquartered in Switzerland and operating under the brand name: GERALD GENTA.

27 | **V.    FACTS COMMON TO ALL ALLEGATIONS**

28 | 24.    SOLID 21 is the owner of a United States trademark registration as it relates to fine

Trademark Complaint For Damages              5

1  jewelry, watches, and related goods and services using its famous RED GOLD(R) mark,

2  including Reg. No. 2,793,987 (referred to hereinafter as the "RED GOLD(R) Registrations") (see

3  Exhibit 1 hereto).

4  25.     For over five years, SOLID 21 has been continuously and exclusively using and

5  promoting its RED GOLD(R) trademark in connection with the design, manufacture, marketing

6  and advertising of fine jewelry, watches and related goods and services.

7  26.     The RED GOLD(R) Registration is valid, subsisting and prima facie evidence of the

8  validity of the mark covered by the RED GOLD(R) Registration, SOLID 21's ownership of this

9  mark, and SOLID 21's exclusive right to use the RED GOLD(R) Registration in commerce

10  nationwide. The RED GOLD(R) mark for Reg. No. 2,793,987 has become incontestable.

11  27.     SOLID 21 has spent thousands of dollars advertising and promoting its products and

12  services throughout the United States and expanding its business offering goods and related

13  products and services under the distinctive RED GOLD(R) mark. Solid 21 has spent millions of

14  dollars in promotional efforts to brand RED GOLD(R)®, including direct advertising, aggressive

15  public relations effort and product placement. As part of this effort, Solid 21 has hosted several

16  all-jewelry runway shows highlighting RED GOLD(R)® in cites such s New York, Washington

17  DC, Los Angeles, Lagos, London and Las Vegas. Solid 21 has advertised in several jewelry

18  trade and consumer magazines and has been featured on several television shows, both

19  domestically and internationally. Solid 21 has promoted RED GOLD(R)® on several award

20  shows such as the Oscars, Billboard Awards, Video Music Awards. Solid 21's celebrity clients

21  have featured RED GOLD(R)® their songs, music videos and movies. As a result of these

22  efforts and continuous use, the RED GOLD(R) mark has become famous and associated with the

23  fine jewelry designed, manufactured, marketed and advertised by SOLID 21.

24  28.     SOLID 21 both adds to and relies upon the value and goodwill of the RED GOLD(R)

25  Mark to derive income from its business activities in connection with RED GOLD(R) and related

26  goods and services.

27  29.     SOLID 21 has developed watches and jewelry items using its RED GOLD(R) mark, all of

28  which have been successfully introduced into the marketplace.

Trademark Complaint For Damages              6

1  30.  DEFENDANTS are international watch manufacturers and designers.

2  31.  Upon information and belief, at various times after SOLID 21, DEFENDNATS began

3  selling, marketing and advertising fine jewelry utilizing the RED GOLD(R) mark. Upon

4  information and belief, DEFENDANTS advertised the manufacture and sale of fine jewelry and

5  watches using the RED GOLD(R) mark in their branding and marketing materials.

6  32.  SOLID 21 is informed and believes and on this basis alleges that DEFENDANTS also

7  allowed third parties to promote their product lines of fine jewelry under the RED GOLD(R)

8  mark.

9  33.  DEFENDANTS are national and international watch manufacturers. SOLID 21 is

10  informed and believes and on this basis alleges that DEFENDANTS utilized the RED GOLD(R)

11  mark in their marketing, advertising and sales of their product line of fine jewelry with full

12  knowledge of SOLID 21 and SOLID 21's use of and prior rights in the RED GOLD(R) mark

13  with respect to the manufacture, marketing, advertising and sale of fine jewelry, or in the

14  alternative, in negligent disregard for SOLID 21's trademark.

15  34.  DEFENDANTS' use of RED GOLD(R) with respect to their marketing, advertising and

16  sale of their own product line of fine jewelry is directly competitive with Plaintiff's use of RED

17  GOLD(R) in the same market and is likely to cause confusion, reverse confusion, mistake, and/or

18  deception as to the source of DEFENDANTS goods and services.

19  35.  SOLID 21 pleads the following facts concurrently or in the alternative to the prior facts

20  herein:

21  A.  SOLID 21 spent money and effort to develop, formulate, and create a metal alloy

22  gold derivative with an amber hue which it developed, branded and marketed as RED GOLD(R).

23  B.  SOLID 21 became known and recognized in the fine jewelry and watches

24  marketplace for producing and marketing products including the metal alloy gold derivative with

25  an amber hue which it developed. Similarly products containing the metal alloy gold derivative

26  with an amber hue became associated with the mark RED GOLD(R) and with SOLID 21.

27  C.  The gold with the amber hue developed by SOLID 21, in addition to giving

28  SOLID 21's products a distinctive look had the secondary use of identifying SOLID 21 and its

Trademark Complaint For Damages          7

1  mark RED GOLD(R).

2      D.    SOLID 21 is informed and believes that in order to capture the goodwill created

3  by SOLID 21's use of the gold alloy color it invented, DEFENDANTS began manufacturing,

4  developing and marketing fine jewelry and watch products using gold treated to create a hue

5  similar to the gold developed by SOLID 21.

6      E.    DEFENDANTS have used gold with this hue, which does not exist in gold's

7  natural state, but must be formulated, in order to create confusion in the marketplace and to

8  benefit from its association with luxury and finely made products – a meaning associated with

9  SOLID 21 and RED GOLD(R).

10            **VI.    FIRST CLAIM FOR RELIEF (COUNT 1)**

11            (Trademark Infringement under Lanham Act, 15 U.S.C. § 3231)

12  36.    SOLID 21 repeats and re-allege paragraphs 1 through 35 as if fully set forth herein.

13  37.    SOLID 21 is the owner of all right, title and interest in and to the RED GOLD(R)

14  Trademark Registration.

15  38.    DEFENDANTS' use of the RED GOLD(R) mark to market, advertise and sell their

16  product line of fine jewelry and watches is likely to cause confusion, reverse confusion, mistake

17  and/or deception as to the source, sponsorship or approval of DEFENDANTS' product line in the

18  mistaken belief that SOLID 21 has somehow affiliated, connected or associated with

19  DEFENDANTS.

20  39.    DEFENDANTS' aforesaid acts constitute trademark infringement of a federally

21  registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

22  40.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

23  suffer damage and injury to its business, reputation and good will, and will sustain loss of

24  revenue and profits.

25  41.    Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

26  complained of herein and cause said damages and injury, all to the immediate and irreparable

27  harm of SOLID 21.

28  ///

Trademark Complaint For Damages       8

1    **VII.   FIRST CLAIM FOR RELIEF (COUNT 2)**

2              (Trademark Infringement under Lanham Act, 15 U.S.C. § 3231)

3    42.    SOLID 21 repeats and re-allege paragraphs 1 through 41 as if fully set forth herein.

4    43.    SOLID 21 is the owner of all right, title and interest in and to the RED GOLD(R)

5    Trademark Registration.  SOLID 21 has developed an amber hue gold alloy which it uses in the

6    manufacture of its products and which has become associated with the RED GOLD(R)

7    trademark.

8    44.    DEFENDANTS' have tried to mimic and use a manufacture RED GOLD(R) with a red

9    hue in the manufacture of its fine jewelry and watches, such use which is likely to cause

10   confusion, reverse confusion, mistake and/or deception as to the source, sponsorship or approval

11   of DEFENDANTS' product line in the mistaken belief that SOLID 21 has somehow affiliated,

12   connected or associated with DEFENDANTS.

13   45.    DEFENDANTS' aforesaid acts constitute trademark infringement of a federally

14   registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

15   46.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

16   suffer damage and injury to its business, reputation and good will, and will sustain loss of

17   revenue and profits.

18   47.    Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

19   complained of herein and cause said damages and injury, all to the immediate and irreparable

20   harm of SOLID 21.

21             **VIII.   SECOND CLAIM FOR RELIEF**

22             (Trademark Infringement under Lanham Act, 15 U.S.C. § 4334)

23   48.    SOLID 21 repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

24   49.    DEFENDANTS' use of the RED GOLD(R) mark to market, advertise and sell their

25   product line of fine jewelry is likely to cause confusion, reverse confusion, mistake or deception

26   as to the source, sponsorship or approval of DEFENDANTS' product line in the mistaken belief

27   that SOLID 21 has somehow affiliated, connected or associated with DEFENDANTS.

28   50.    DEFENDANTS' aforesaid acts constitute trademark infringement in violation of the

Trademark Complaint For Damages              9

1 Lanham Act, 15 U.S.C. § 1125(a).

2 51. By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to
3 suffer damage and injury to their business, reputation and good will, and has and will sustain loss
4 of revenues and profits.

5 52. Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts
6 complained of herein and cause said damages and injury, all to the immediate and irreparable
7 harm of Plaintiffs.

8 **IX. SECOND CLAIM FOR RELIEF (COUNT 2)**

9 (Trademark Infringement under Lanham Act, 15 U.S.C. § 4334)

10 53. SOLID 21 repeats and re-alleges paragraphs 1 through 41 and 48 through 52 as if fully set
11 forth herein.

12 54. DEFENDANTS' use of the amber hue gold alloy developed by SOLID 21 and related to
13 its RED GOLD(R) mark, to market, advertise and sell their product line of fine jewelry is likely
14 to cause confusion, reverse confusion, mistake or deception as to the source, sponsorship or
15 approval of DEFENDANTS' product line in the mistaken belief that SOLID 21 has somehow
16 affiliated, connected or associated with DEFENDANTS.

17 55. DEFENDANTS' aforesaid acts constitute trademark infringement in violation of the
18 Lanham Act, 15 U.S.C. § 1125(a).

19 56. By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to
20 suffer damage and injury to their business, reputation and good will, and has and will sustain loss
21 of revenues and profits.

22 57. Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts
23 complained of herein and cause said damages and injury, all to the immediate and irreparable
24 harm of Plaintiffs.

25 **X. THIRD CLAIM FOR RELIEF**

26 (Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a))

27 58. SOLID 21 repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

28 59. Through extensive, continuous and exclusive use for over four years, SOLID 21 is the

Trademark Complaint For Damages 10

1  owner of all rights, title and interest in and to, and has acquired secondary meaning in, the

2  distinctive RED GOLD(R) Mark for its manufacture, marketing, advertising and sale of fine

3  jewelry and related goods and services. For the purposed of this cause of action, the mark being

4  the words RED GOLD(R) used in this order "RED GOLD(R)" and/or alternatively the amber

5  hue gold alloy created and devised by SOLID 21.

6  60.    Through SOLID 21's ownership of the RED GOLD(R) Mark and reliance on the value

7  and goodwill of the RED GOLD(R) Mark, Plaintiff maintains a financial interest in its exclusive

8  use of the RED GOLD(R) Marks.

9  61.    DEFENDANTS' use of the RED GOLD(R) mark to market, advertise and sell their

10  product line of fine jewelry is likely to cause confusion, reverse confusion, mistake or deception

11  as to the source, sponsorship or approval of DEFENDANTS' product line in the mistaken belief

12  that SOLID 21 has somehow affiliated, connected or associated with DEFENDANTS.

13  62.    DEFENDANTS' aforesaid acts constitute unfair competition with SOLID 21 in violation

14  of the Lanham Act, 15 U.S.C. § 1125(a).

15  63.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

16  suffer damage and injury to its business, reputation and good will, and will sustain loss of

17  revenues and profits.

18  64.    Unless and until enjoined by this Court, DEFENDANTS' will continue to perform the

19  acts complained of herein and cause said damages and injury, all to the immediate and

20  irreparable harm of Plaintiffs.

21                          **XI.    FOURTH CLAIM FOR RELIEF**

22          (Unfair Competition under California Business and Professions Code § 17200 et seq.)

23  65.    SOLID 21 repeats and re-alleges paragraphs 1 through 64 as if fully set forth herein.

24  66.    Through SOLID 21's ownership of the RED GOLD(R) Mark and reliance on the value

25  and goodwill of the RED GOLD(R) Mark, Plaintiff maintains a financial interest in its exclusive

26  use of the RED GOLD(R) Marks. For the purposed of this cause of action, the mark being the

27  words RED GOLD(R) used in this order "RED GOLD(R)" and/or alternatively the amber hue

28  gold alloy created and devised by SOLID 21.

Trademark Complaint For Damages          11

1  67.    DEFENDANTS' use of the RED GOLD(R) mark to market, advertise and sell their

2  product line of fine jewelry is likely to cause confusion, reverse confusion, mistake or deception

3  as to the source, sponsorship or approval of DEFENDANTS' product line in the mistaken belief

4  that SOLID 21 has somehow affiliated, connected or associated with DEFENDANTS.

5  68.    DEFENDANTS' aforesaid acts constitute unfair competition with Plaintiff within the

6  meaning of California Business and Professions Code § 17200.

7  69.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

8  suffer damage and injury to their business, reputation and good will, and will sustain loss of

9  revenues and profits.

10  70.    Pursuant to California Business and Professions Code § 17203, Cisco is entitled

11  to preliminary and permanent injunctive relief ordering DEFENDANTS and each of them to

12  cease this unfair competition, as well as disgorgement of all of DEFENDANTS' profits

13  associated with this unfair competition. Unless and until enjoined by this Court, DEFENDANTS

14  will continue to perform the acts complained of herein and cause said damages and injury, all to

15  the immediate and irreparable harm of SOLID 21.

16
## XII.   FIFTH CLAIM FOR RELIEF

17              (Trademark Dilution under the Lanham Act, 15 U.S.C. § 1125(c))

18  71.    SOLID 21 repeats and re-allege paragraphs 1 through 70 as if fully set forth herein.

19  72.    SOLID 21's RED GOLD(R) Mark and Registration is a distinctive mark that has become

20  famous, and/or alternatively the amber gold hue created and devised by SOLID 21 is a distinctive

21  mark that has become famous.

22  73.    DEFENDANTS' commercial use of the RED GOLD(R) mark, in whichever form, to

23  market, advertise and sell their product line of luxury wrist watches and fine jewelry is causing

24  dilution of the distinctive quality of the RED GOLD(R) Mark and Registration, and/or

25  alternatively the amber gold hue created and devised by SOLID 21.

26  74.    DEFENDANTS' aforesaid acts constitute trademark dilution in violation of the Lanham

27  Act, 15 U.S.C. § 1125(c).

28  75.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

Trademark Complaint For Damages      12

1  suffer damage and injury to its business, reputation and good will, and will sustain loss of

2  revenues and profits.

3  76.    Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

4  complained of herein and cause said damages and injury, all to the immediate and irreparable

5  harm of SOLID 21.

6                        **XIII.   SIXTH CLAIM FOR RELIEF**

7                  (False Description under the Lanham Act, 15 U.S.C. § 1125(a))

8  77.    SOLID 21 repeats and re-alleges paragraphs 1 through 76 as if fully set forth herein.

9  78.    SOLID 21's RED GOLD(R) Mark and Registration is a distinctive mark that has become

10  famous, and/or alternatively the amber gold hue created and devised by SOLID 21.

11  79.    DEFENDANTS' commercial use of the RED GOLD(R) mark, in whichever form, to

12  market, advertise and sell their product line of fine jewelry is likely to create confusion, or to

13  cause mistake, or to deceive consumers as to the affiliation, connection or association of SOLID

14  21's products, or to deceive consumers as to the origin, sponsorship or approval of SOLID 21's

15  products, all in dilution of the distinctive quality of the RED GOLD(R) Mark and Registration,

16  and/or alternatively the RED GOLD(R) hue created and devised by SOLID 21.

17  80.    SOLID 21 avers that DEFENDANTS' use of the term RED GOLD(R) comprises a false

18  description or representation of such business or products under 15 U.S.C. § 1125(a) (Section

19  43(a) of the Lanham Act).

20  81.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

21  suffer damage and injury to its business, reputation and good will, and will sustain loss of

22  revenues and profits.

23                        **XIV.   SEVENTH CLAIM FOR RELIEF**

24          (Trademark Dilution under California Business and Professions Code 14330)

25  82.    SOLID 21 repeats and realleges paragraphs 1 through 81 as if fully set forth herein.

26  83.    SOLID 21 is the owner of the famous and distinctive RED GOLD(R) Mark and

27  Registration, and/or alternatively the amber gold hue created and devised by SOLID 21.

28  84.    DEFENDANTS' commercial use of the RED GOLD(R) mark, in whichever form, to

Trademark Complaint For Damages          13

1  market, advertise and sell their product line of fine jewelry is causing likelihood of injury to

2  business reputation or of dilution of the distinctive quality of the RED GOLD(R) Mark and

3  Registration.

4  85.     DEFENDANTS' aforesaid acts constitute trademark dilution in violation of California

5  Business and Professions Code 14330.

6  86.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

7  suffer damage and injury to its business, reputation and good will, and will sustain loss of

8  revenues and profits.

9  87.     Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

10  complained of herein and cause said damages and injury, all to the immediate and irreparable

11  harm of SOLID 21.

12                        **XV.    EIGHTH CLAIM FOR RELIEF**

13                                (Declaratory Relief)

14  88.     SOLID 21 repeats and realleges paragraphs 1 through 87 as if fully set forth herein.

15  89.     An actual controversy has arisen and now exists relating to the rights and duties of the

16  parties herein in the RED GOLD(R) Mark for which judicial determination is required.

17  90.     SOLID 21 is and has been, for over five years, the owner of the RED GOLD(R) mark as

18  evidenced by, among other things, the RED GOLD(R) Registrations.

19  91.     SOLID 21 has taken all necessary steps to perfect its RED GOLD(R) Registrations and

20  has filed all items necessary to make the RED GOLD(R) mark incontestable.

21  92.     SOLID 21 has also devised and created a gold alloy with an amber hue, which it has

22  branded and marketed as "RED GOLD(R)" such a shade and hue which does not exist in gold's

23  natural state. This is hue us also a mark of SOLID 21.

24  93.     DEFENDANTS and cach of them have infringed upon SOLID 21's rights by, among

25  other things, using the "RED GOLD(R)" mark to describe and market it's products, and/or

26  alternatively, by trying to duplicate the amber hue alloy gold developed and devised by SOLID

27  21, for use with their products.

28  94.     As such a judicial determination is needed setting forth the respective rights, interests,

1   and duties of all parties to this action. Specifically, SOLID 21 seeks the following declaratory

2   relief: (1) that its RED GOLD(R) Registrations owned by SOLID 21 be deemed incontestable in

3   accordance with 15 USC 1065; (2) that the RED GOLD(R) amber hue alloy is an incontestable

4   mark owned by SOLID 21; and (3) that DEFENDANTS, each or some of them, acted in bad faith

5   in their infringing use of the RED GOLD(R) mark and/or in the alternative the RED GOLD(R)

6   amber hue alloy devised and created by SOLID 21.

7                               **XVI.  PRAYER FOR RELIEF**

8           WHEREFORE, SOLID 21 prays that the Court award the following relief:

9   1.       That DEFENDANTS, and their agents, officers, employees, representatives, successors,

10  assigns, attorneys and all other persons acting for, with, by, through or under authority from

11  DEFENDANTS, and each of them, be preliminarily and permanently enjoined from:(a) using

12  SOLID 21's trademark depicted in Exhibit 1, or any colorable imitation thereof; (b) using any

13  trademark that imitates or is confusingly similar to or in anyway similar to SOLID 21's

14  trademark RED GOLD(R), or that is likely to cause confusion, mistake, deception, or public

15  misunderstanding as to the origin of SOLID 21's products or their connectedness to

16  DEFNENDANTS, and each of them.

17  2.       That DEFENDANTS, and each of them, be required to file with the Court and serve on

18  SOLID 21 within thirty (30) days after entry of the Injunction, a report in writing under oath

19  setting forth in detail the manner and form in which DEFENDANTS, and each of them, have

20  complied with the Injunction;

21  3.       That, pursuant to 15 U.S.C. § 1117, DEFENDANTS be held liable for all damages

22  suffered by SOLID 21 resulting from the acts alleged herein;

23  4.       That, pursuant to 15 U.S.C. § 1117, DEFENDANTS, and each of them, be compelled to

24  account to SOLID 21, and that SOLID 21 be awarded, for any and all profits, gains, and

25  advantages derived by DEFENDANTS, and each of them,  from its illegal acts complained of

26  herein;

27  5.       That DEFENDANTS be ordered pursuant to 15 U.S.C. § 1118 to deliver up for

28  destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising,

Trademark Complaint For Damages              15

1  promotional material or the like in possession, custody or under the control of DEFENDANTS

2  bearing a trademark found to infringe SOLID 21's RED GOLD(R) trademark rights, as well as

3  all plates, matrices, and other means of making the same;

4  6.      That DEFENDANTS, and each of them, be ordered pursuant to 15 U.S.C. § 1118 to

5  deliver up for destruction all gold and gold products, watches, and jewelry, and the like

6  manipulated with an amber hue alloy hue to resemble and mimic the RED GOLD(R) amber hue

7  alloy gold hue, in possession, custody or under the control of DEFENDANTS, and each of them,

8  bearing a trademark found to infringe SOLID 21's RED GOLD(R) trademark rights, as well as

9  all plates, matrices, and other means of making the same;

10  7.      That the Court declare this to be an exceptional case and award SOLID 21 its full costs

11  and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and 1125(c), and award SOLID

12  21 punitive and treble damages due to DEFENDANTS' willful and intentional acts of trademark

13  infringement, trademark dilution and unfair competition;

14  8.      Injunctive relief prohibiting DEFENDANTS, and each of them, from engaging in the

15  unlawful, unfair, deceptive, and misleading business practices described herein;

16  9.      Restoration of all money gained by DEFENDANTS, and each of them, by wrongly using

17  the unlawful, unfair, deceptive, and misleading business practices described in this Complaint;

18  10.     That it be determined that SOLID 21's RED GOLD(R) Registrations are incontestable;

19  11.     That it be determined that SOLID 21's RED GOLD(R) amber hue alloy is an

20  incontestable mark owned by SOLID 21;

21  12.     That it be determined that DEFENDANTS, each or some of them, acted in bad faith in

22  their infringing use of the RED GOLD(R) mark and/or in the alternative the RED GOLD(R)

23  amber hue alloy devised and created by SOLID 21

24  13.     That the Court grant Plaintiff any other remedy to which it may be entitled as provided

25  for in 15 U.S.C. §§ 1116 and 1117 or under state law;

26  14.     Interest on the above-requested damages;

27  15.     Costs of this action and,

28  ///

Trademark Complaint For Damages          16

16.     For such and other further relief that the court deems just and proper

Dated: September 22, 2010                    RESPECTFULLY SUBMITTED:

                                             BITTON & ASSOCIATES

                                             OPHIR J. BITTON
                                             Attorneys for Plaintiff SOLID 21, INC.

Trademark Complaint For Damages          17

1          **DEMAND FOR TRIAL BY JURY**

2

3          Pursuant to *Federal Rule of Civil Procedure* §38(b) SOLID 21 hereby demands a trial by

4    jury.

5    Dated: September 22, 2010                RESPECTFULLY SUBMITTED:

6                                             BITTON & ASSOCIATES

7

8                                             OPHIR J. BITTON
                                             Attorneys for Plaintiff SOLID 21, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     Trademark Complaint For Damages          18

# EXHIBIT 1



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



*Director of the United States Patent and Trademark Office*

## Requirements for Maintaining a
## Federal Trademark Registration

### SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the
registration shall be canceled for failure to file an Affidavit of Continued
Use under Section 8 of the Trademark Act, 15 U.S.C. §1058, upon the
expiration of the following time periods:

    i) At the end of 6 years following the date of registration.
    ii) At the end of each successive 10-year period following the date of
       registration.

*Failure to file a proper Section 8 Affidavit at the appropriate time will result in the*
*cancellation of the registration.*

### SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions
of Section 8, except that the registration shall expire for failure to file an
Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C.
§1059, at the end of each successive 10-year period following the date of
registration.

*Failure to file a proper Application for Renewal at the appropriate time will result in*
*the expiration of the registration.*

No further notice or reminder of these requirements will be sent to the
Registrant by the Patent and Trademark Office. It is recommended
that the Registrant contact the Patent and Trademark Office
approximately one year before the expiration of the time periods shown
above to determine the requirements and fees for the filings required to
maintain the registration.

**Int. Cl.: 14**

**Prior U.S. Cls.: 2, 27, 28 and 50**

**Reg. No. 2,793,987**

## United States Patent and Trademark Office

**Registered Dec. 16, 2003**

### TRADEMARK
### PRINCIPAL REGISTER

## RED GOLD

SOLID 21 INCORPORATED (NEVADA COR-
PORATION)
315 WEST 9TH STREET SUITE 1211
LOS ANGELES, CA 90015

FOR: FINE JEWELRY MADE OF A SPECIAL
ALLOYING OF GOLD WITH A DISTINCT COLOR
MADE INTO FINE JEWELRY, NAMELY,
WATCHES, NECKLACES, BRACELETS, RINGS,
ANKLETS, CUFF LINKS, ORNAMENTAL HAIR
PINS, BELT BUCKLES OF PRECIOUS METAL, TIE

CLIPS AND PEGS, AND EARRINGS, IN CLASS 14
(U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 12-13-1989; IN COMMERCE 12-13-1989.

SER. NO. 76-434,708, FILED 7-25-2002.

ALICE SUE CARRUTHERS, EXAMINING ATTOR-
NEY

Case 2:10-cv-07079-SVW-AGR   Document 1   Filed 09/22/10   Page 23 of 29   Page ID #:25

# EXHIBIT 2

Side - 1



**NOTICE OF ACCEPTANCE AND
ACKNOWLEDGEMENT OF §§8 & 15
DECLARATION
MAILING DATE: Aug 21, 2009**

The combined declaration of use and incontestability filed in connection with the registration identified below meets the requirements of Sections 8 and 15 of the Trademark Act, 15 U.S.C. §1058 and 1065.  The combined declaration is accepted and acknowledged.  The registration remains in force.For further information about this notice, visit our website at: http://www.uspto.gov.  To review information regarding the referenced registration, go to http://tarr.uspto.gov.

| | |
|---|---|
| **REG NUMBER:** | **2793987** |
| **MARK:** | **RED GOLD** |
| **OWNER:** | **Solid 21 Incorporated** |

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA 22313-1451

FIRST-CLASS
MAIL
U.S POSTAGE
PAID

Christopher Aire
Solid 21 Incorporated
22287 Muholland Highway, suite 82
CALABASAS, CA  91302

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV10- 7079 SVW (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

09/22/2010  12:14    52412224            LAW DEPT                          PAGE  01/02

Name & Address:
OPHIR J. BITTON (State Bar #204310)
Bitton & Associates
12080 Ventura Place, Suite D
Studio City, CA 91604
Tel. No. 818-524-1223

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SOLID 21, INC., a Nevada Corporation headquartered in Los Angeles, California, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV10  7079 SVW (AGRx)** |
| v. | |
| [See Attachment] | |
| | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within _____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached □ complaint □ _____ amended complaint □ counterclaim □ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _____, whose address is _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____    SEP 2 2 2010

By: _____    **CHRISTOPHER POWERS**

Deputy Clerk      SEAL

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

09/22/2010  12:14    52412224                    LAW DEPT                            PAGE  02/02

# ATTACHMENT

## (SUMMONS)

| Plaintiff | Defendants |
|---|---|
| **SOLID 21, INC.**, a Nevada Corporation headquartered in Los Angeles, California, | **LVMH**, a French Corporation; **RICHEMONT INTERNATIONAL S.A.**, a Swiss corporation; **ROLEX**, a Swiss Corporation; **ULYSSE NARDIN, INC.**, a Florida Corporation; **MONTRES CORUM SÀRL**, a Swiss Corporation; **THE SWATCH GROUP**, a Swiss corporation; **BREITLING SA**, a Swiss Corporation; **FRANCK MULLER**, a Swiss Corporation; **CHOPARD**, a Swiss Corporation; **MAKUR DESIGN, INC.**, a New York corporation; **GRAHAM-LONDON**, a British Corporation; **KOBOLD WATCH COMPANY LLC**, a Pennsylvania LLC; **PIERRE KUNZ USA INC.**, a New York Corporation; **EBEL**, a Swiss Corporation; **BULGARI**, an Italian Corporation; and **DOES 1- 10**, inclusive, |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SOLID 21, INC., a Nevada Corporation headquartered in Los Angeles, California

**DEFENDANTS**
LVMH, a French Corporation; RICHEMONT INTERNATIONAL S.A., a Swiss corporation; ROLEX, a Swiss Corporation; ULYSSE NARDIN, INC., a Florida Corporation; MONTRES CORUM SARL, a Swiss Corporation; et. al

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Ophir J. Bitton; Bitton & Associates; 12080 Ventura Place, Suite D, Studio City, CA 91604; Tel. No. 818-524-1223

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|                                          | PTF | DEF |                                                              | PTF | DEF |
|------------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State    | ☐ 4 | ☐ 4 |
| Citizen of Another State                 | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State| ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                               | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No        ☒ MONEY DEMANDED IN COMPLAINT: $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S. Sections 1114(1) and 1125(a) and (c).; Trademark Infringement, Unfair Competition, False Description; Injunctive and Declaratory Relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY | TORTS / PERSONAL INJURY | TORTS / PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act | |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS | |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights | |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent | |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark | |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY | |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) | |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) | |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI | |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) | |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS | |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | | |

CV10     7079

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

09/21/2010  14:24     52412224                    LAW DEPT                              PAGE  02/02

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a). List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b). List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State: Florida and New York; Countries: France and Switzerland |

(c). List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | worldwide |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____              Date  September 21, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                              CIVIL COVER SHEET                                        Page 2 of 2