1  GEORGE E. AKWO (State Bar #164670)
   Law Offices Of George E. Akwo
2  12080 Ventura Place
   Suite D
3  Studio City, CA 91604
   Telephone: (310) 435-9406
4  Facsimile: (310) 496-2458
   Email: george@akwolaw.com
5
   OPHIR J. BITTON (State Bar #204310)
6  Bitton & Associates
   12080 Ventura Place
7  Suite D
   Studio City, CA 91604
8  Telephone: (818) 524-1223
   Facsimile: (818) 524-1224
9  Email: ophir@bittonlaw.com

10 Attorneys for Plaintiff
   SOLID 21 INC.
11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14 SOLID 21, INC., a Nevada Corporation        )  CASE NO: CV10 7079 SVW (AGRx)
   headquartered in Los Angeles, California,   )
15                                             )
                                               )
16                  Plaintiff,                 )
                                               )
17         vs.                                 )  FIRST AMENDED COMPLAINT FOR:
                                               )
18 LVMH    MOET    HENNESSY    LOUIS           )   1. STATUTORY TRADEMARK
   VUITTON, S.A., a French corporation;        )      INFRINGEMENT;
19 LVMH    MOET    HENNESSY    LOUIS           )   2. COMMON LAW TRADEMARK
   VUITTON, INC., a Delaware corporation;      )      INFRINGEMENT;
20 LVMH & WATCH & JEWELRY USA, INC., a         )   3. UNFAIR COMPETITION;
   Delaware corporation; ULYSSE NARDIN,        )   4. FALSE DESCRIPTION;
21 SA, a Swiss corporation; ULYSSE NARDIN,     )   5. INJUNCTIVE RELIEF;
   USA   INC.   a   Florida   corporation;     )   6. DECLARATORY RELIEF
22 COMPAGNIE FINANCIERE RICHEMONT,             )
   S.A., a Swiss corporation; RICHEMONT        )
23 NORTH  AMERICA,  INC., a Delaware           )
   corporation; THE SWATCH GROUP LTD., a       )  DEMAND FOR JURY TRIAL
24 Swiss corporation; THE SWATCH GROUP         )
   (U.S.)  INC., a  Delaware  corporation;     )
25 GROUPE      FRANCK      MULLER              )
   WATCHLAND S.A., a Swiss corporation;        )
26 FRANCK MULLER USA, INC., a New York         )
   corporation;   ROLEX   SA,   a   Swiss      )
27 Corporation; ROLEX WATCH U.S.A., INC.,      )
28

   Trademark First Amended Complaint For Damages                                      1

1  a New York corporation; CHOPARD & CIE )
   S.A., A Swiss corporation; CHOPARD USA )
2  LTD., a New York corporation; MONTRES )
   CORUM SÀRL, a Swiss corporation; )
3  MONTRES CORUM USA, LLC, a Delaware )
   limited liability company; BREITLING SA, a )
4  Swiss corporation; BREITLING USA, INC., a )
   Connecticut corporation; MAKUR DESIGN, )
5  INC., a New York corporation; GRAHAM- )
6  LONDON, a British Corporation based in )
   Switzerland;      KOBOLD      TRADING )
7  COMPANY, LLC, a Pennsylvania limited )
8  liability company; PIERRE KUNZ GENEVE, )
   a Swiss corporation; PIERRE KUNZ USA )
9  INC., a New York corporation; MGI )
   LUXURY GROUP SA, a Swiss corporation; )
10 MOVADO RETAIL GROUP, INC., a New )
11 Jersey Corporation; BULGARI S.p.A., an )
   Italian    Corporation;      BULGARI )
12 CORPORATION OF AMERICA, a New )
   York corporation; and DOES 1-200, inclusive, )
13                                            )

14                    DEFENDANTS.
   _____

15

16        Plaintiff SOLID 21 INC. (hereinafter "Plaintiff" and/or "SOLID 21"), a Nevada

17 Corporation with its principal place of business in Los Angeles, California, by and through its

18 undersigned attorneys, alleges for its Complaint against defendants LVMH MOET HENNESSY

19 LOUIS VUITTON, S.A., a French corporation; LVMH MOET HENNESSY LOUIS VUITTON,

20 INC., a Delaware corporation; LVMH WATCH & JEWELRY USA, INC., a Delaware

21 corporation; ULYSSE NARDIN, SA, a Swiss corporation; ULYSSE NARDIN, USA INC. a

22 Florida corporation; COMPAGNIE FINANCIERE RICHEMONT, S.A., a Swiss corporation;

23 RICHEMONT NORTH AMERICA, INC., a Delaware corporation; THE SWATCH GROUP

24 LTD., a Swiss corporation; THE SWATCH GROUP (U.S.) INC., a Delaware corporation;

25 GROUPE FRANCK MULLER WATCHLAND S.A., a Swiss corporation; FRANCK MULLER

26 USA, INC., a New York corporation; ROLEX SA, a Swiss Corporation; ROLEX WATCH

27 U.S.A., INC., a New York corporation; CHOPARD & CIE S.A., A Swiss corporation;

28 CHOPARD USA LTD., a New York corporation; MONTRES CORUM SÀRL, a Swiss

Trademark First Amended Complaint For Damages                                    2

1  corporation; MONTRES CORUM USA, LLC, a Delaware limited liability company;

2  BREITLING SA, a Swiss corporation; BREITLING USA, INC., a Connecticut corporation;

3  MAKUR DESIGN, INC., a New York corporation; GRAHAM-LONDON, a British Corporation

4  based in Switzerland; KOBOLD TRADING COMPANY, LLC, a Pennsylvania limited liability

5  company; PIERRE KUNZ GENEVE, a Swiss corporation; PIERRE KUNZ USA INC., a New

6  York corporation; MGI LUXURY GROUP SA, a Swiss corporation; MOVADO RETAIL

7  GROUP, INC., a New Jersey Corporation; BULGARI S.p.A., an Italian Corporation; BULGARI

8  CORPORATION OF AMERICA, a New York corporation; and DOES 1-200, inclusive,

9  (collectively, "DEFENDANTS") as follows:

10                          **I.      NATURE OF THE ACTION**

11  1.      This is a complaint for Trademark Infringement, Unfair Competition, and False

12  Description arising in Common law and under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§

13  1114(1) (Trademark Infringement) and 1125(a) and (c) (Unfair Competition and False

14  Description), for Unfair Business Practice arising under California Business and Professions

15  Code §§ 14245 et seq. and 17200 et seq., and for declaratory relief (see, 15 U.S.C. § 1065).

16  2.      SOLID 21 is the owner of the registered and incontestable trademark RED GOLD® for,

17  *inter alia,* fine jewelry and watches made from a special alloying of gold with a distinct color

18  made into fine jewelry in connection with the manufacture, marketing and advertising of

19  watches, necklaces, bracelets, rings, anklets, cuff links, ornamental hair pins, belt buckles of

20  precious metal, tie clips and pegs and earrings known as "RED GOLD®." The trademark is

21  capsulated in the following trademark information and in the trademark certificate attached

22  hereto as Exhibit 1 and incorporated herein as though fully set forth:

23              U.S. Trademark Registration No. 2,793,987

24              Mark: RED GOLD(R)

25              Registered:  December 16, 2003

26              Owner: SOLID 21 Incorporated

27          In addition, on August 21, 2009, the Commissioner of Trademarks, United States Patent

28  and Trademark Office issued the following Notice of Use and Incontestability in regards to

Trademark First Amended Complaint For Damages                                                    3

1   Plaintiff's RED GOLD® trademark (a true and correct copy of said Notice of Incontestability is

2   attached hereto as Exhibit 2 and Incorporated herein as though fully set forth):

3                 "The combined declaration of use and incontestability filed in connection

4                 with the registration identified below meets the requirements of Sections 8 and 15

5                 of the Trademark Act, 15 U.S.C. §§1058 and 1065.  The combined declaration is

6                 accepted and acknowledged.  The registration remains in force.

7                 REG NUMBER: 2793987

8                 MARK: RED GOLD®

9                 OWNER: Solid 21 Incorporated

10   3.     SOLID 21 seeks equitable relief, as well as compensatory and monetary damages, costs

11   and disbursements.  (15 U.S.C. §§ 1116 and 1117.)  Plaintiff also brings this action for monetary

12   damages it has suffered and disgorgement of DEFENDANTS' profits as a result of

13   DEFENDANTS' unfair competition and intentional violation of Section 43(a) of the Lanham

14   Act, 15 U.S.C. § 1125(a).

15             **II.**     **JURISDICTION AND VENUE**

16   4.     This Court has original subject-matter jurisdiction over this action pursuant to 15 U.S.C.

17   § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b) because this action involves substantial

18   claims arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. 1051, *et*

19   *seq.*, including claims Trademark Infringement, Unfair Competition, and False Description

20   arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement)

21   and 1125(a) (Unfair Competition and False Description),  for Unfair Business Practice arising

22   under California Business and Professions Code § 17200 et seq., and for injury to business

23   reputation.

24       This Court also has supplemental jurisdiction over related state dilution and unfair

25   competition in violation of the laws of the State of California pursuant to 28 U.S.C. §§ 1338(b),

26   1367 and the doctrine of supplemental jurisdiction, because such state law claims are so related

27   to the claims within the Court's original jurisdiction that they form part of the same case and

28   controversy.

Trademark First Amended Complaint For Damages                 4

1  5.    This Court has personal jurisdiction over the defendants because they have personally

2  availed themselves by doing substantial business in California.

3  6.    Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial

4  part of the events or omissions giving rise to the claims occurred in this district, and a substantial

5  part of the property that is the subject of the action is situated in this district.

6                    **III.    INTRADISTRICT ASSIGNMENT**

7  7.    This is a trademark case subject to district-wide assignment under Local Rule 3-2(c).

8                         **IV.    THE PARTIES**

9  8.    SOLID 21 is a corporation organized and existing under the laws of the State of Nevada

10  with its principal place of business at 22287 Mulholland Highway Suite 82, Calabasas, CA

11  91302.

12  9.    SOLID 21 is informed and believes and on this basis alleges that defendant LVMH

13  MOET HENNESSY LOUIS VUITTON, S.A. is a corporation organized and existing under the

14  laws of France. They are infringing Plaintiff's trademark through the following wholly-owned

15  subsidiary/brand name: HUBLOT and LOUIS VUITTON.

16  10.    SOLID 21 is informed and believes and on this basis alleges that defendant LVMH

17  MOET HENNESSY LOUIS VUITTON, INC. is a corporation organized and existing under the

18  laws of the State of Delaware. SOLID 21 believes and thereon alleges that this Defendant is

19  either a wholly-owned subsidiary or an agent of Defendant LVMH MOET HENNESSY LOUIS

20  VUITTON, S.A., and together they infringe SOLID 21's trademark through the following

21  wholly-owned subsidiary/brand name: HUBLOT and LOUIS VUITTON.

22  11.    SOLID 21 is informed and believes and on this basis alleges that defendant LVMH

23  WATCH & JEWELRY USA, INC. is a corporation organized and existing under the laws of the

24  State of Delaware. SOLID 21 believes and thereon alleges that this Defendant is either a wholly-

25  owned subsidiary or an agent of Defendant LVMH MOET HENNESSY LOUIS VUITTON,

26  S.A., and together they infringe SOLID 21's trademark through the following wholly-owned

27  subsidiary/brand name: HUBLOT and LOUIS VUITTON.

28  12.    SOLID 21 is informed and believes and on this basis alleges that defendant ULYSSE

Trademark First Amended Complaint For Damages                                                    5

1   NARDIN, SA is a corporation organized and existing under the laws of Switzerland.

2   13.     SOLID 21 is informed and believes and on this basis alleges that defendant ULYSSE

3   NARDIN, USA INC. is a corporation organized and existing under the laws of the State of

4   Florida. SOLID 21 believes and thereon alleges that this Defendant is either a wholly-owned

5   subsidiary or an agent of Defendant ULYSSE NARDIN of Switzerland, and together they are

6   infringing SOLID 21's trademark.

7   14.     SOLID 21 is informed and believes and on this basis alleges that defendant

8   COMPAGNIE FINANCIERE RICHEMONT, S.A. is a corporation organized and existing under

9   the laws of Switzerland. They are infringing Plaintiff's trademark through the following wholly-

10   owned subsidiary/brand names: BAUME ET MERCIER, INTERNATIONAL WATCH

11   COMPANY and MONTBLANC.

12   15.     SOLID 21 is informed and believes and on this basis alleges that defendant

13   RICHEMONT NORTH AMERICA, INC. is a corporation organized and existing under the laws

14   of the State of a Delaware. SOLID 21 believes and thereon alleges that this Defendant is either a

15   wholly-owned subsidiary or an agent of Defendant COMPAGNIE FINANCIERE RICHEMONT,

16   S.A. and together they infringe SOLID 21's trademark.

17   16.     SOLID 21 is informed and believes and on this basis alleges that defendant THE

18   SWATCH GROUP LTD. is a corporation organized and existing under the laws of Switzerland.

19   They are infringing Plaintiff's trademark through the following wholly-owned subsidiary/brand

20   name: BLANCKPAIN and OMEGA.

21   17.     SOLID 21 is informed and believes and on this basis alleges that defendant THE

22   SWATCH GROUP (U.S.) INC. is a corporation organized and existing under the laws of the

23   State of a Delaware. SOLID 21 believes and thereon alleges that this Defendant is either a

24   wholly-owned subsidiary or an agent of Defendant THE SWATCH GROUP LTD. and together

25   they infringe SOLID 21's trademark through the following wholly-owned subsidiary/brand

26   name: BLANCKPAIN and OMEGA.

27   18.     SOLID 21 is informed and believes and on this basis alleges that defendant GROUPE

28   FRANCK MULLER WATCHLAND S.A. is a corporation organized and existing under the laws

Trademark First Amended Complaint For Damages                                    6

1   of Switzerland.

2   19.     SOLID 21 is informed and believes and on this basis alleges that defendant FRANCK

3   MULLER USA, INC. is a corporation organized and existing under the laws of the State of New

4   York. SOLID 21 believes and thereon alleges that this Defendant is either a wholly-owned

5   subsidiary or an agent of Defendant GROUPE FRANCK MULLER WATCHLAND S.A. and

6   together they infringe SOLID 21's trademark.

7   20.     SOLID 21 is informed and believes and on this basis alleges that defendant ROLEX SA

8   is a corporation organized and existing under the laws of Switzerland.

9   21.     SOLID 21 is informed and believes and on this basis alleges that defendant ROLEX

10   WATCH U.S.A., INC. is a corporation organized and existing under the laws of the State of New

11   York. SOLID 21 believes and thereon alleges that this Defendant is either a wholly-owned

12   subsidiary or an agent of Defendant ROLEX SA and together they infringe SOLID 21's

13   trademark.

14   22.     SOLID 21 is informed and believes and on this basis alleges that defendant CHOPARD

15   & CIE S.A. is a corporation organized and existing under the laws of Switzerland.

16   23.     SOLID 21 is informed and believes and on this basis alleges that defendant CHOPARD

17   USA LTD., is a corporation organized and existing under the laws of the State of New York.

18   SOLID 21 believes and thereon alleges that this Defendant is either a wholly-owned subsidiary or

19   an agent of Defendant CHOPARD & CIE S.A. and together they infringe SOLID 21's trademark.

20   24.     SOLID 21 is informed and believes and on this basis alleges that defendant MONTRES

21   CORUM SÀRL is a corporation organized and existing under the laws of Switzerland.

22   25.     SOLID 21 is informed and believes and on this basis alleges that defendant MONTRES

23   CORUM USA, LLC is a limited liability company organized and existing under the laws of the

24   State of Delaware. SOLID 21 believes and thereon alleges that this Defendant is either a wholly-

25   owned subsidiary or an agent of Defendant MONTRES CORUM SÀRL and together they

26   infringe SOLID 21's trademark.

27   26.     SOLID 21 is informed and believes and on this basis alleges that defendant BREITLING

28   SA is a corporation organized and existing under the laws of Switzerland.

Trademark First Amended Complaint For Damages                                                    7

27.     SOLID 21 is informed and believes and on this basis alleges that defendant BREITLING USA, INC is a corporation organized and existing under the laws of the State of Connecticut. SOLID 21 believes and thereon alleges that this Defendant is either a wholly-owned subsidiary or an agent of Defendant BREITLING SA and together they infringe SOLID 21's trademark.

28.     SOLID 21 is informed and believes and on this basis alleges that defendant MAKUR DESIGN, INC. is a corporation organized and existing under the laws of the State of New York.

29.     SOLID 21 is informed and believes and on this basis alleges that defendant GRAHAM-LONDON is a corporation organized and existing under the laws of the United Kingdom but based in Switzerland.

30.     SOLID 21 is informed and believes and on this basis alleges that defendant KOBOLD TRADING COMPANY, LLC is a limited Liability Company organized and existing under the laws of the State of Pennsylvania.

31.     SOLID 21 is informed and believes and on this basis alleges that defendant PIERRE KUNZ GENEVE is a corporation organized and existing under the laws of Switzerland.

32.     SOLID 21 is informed and believes and on this basis alleges that defendant PIERRE KUNZ USA INC. is a corporation organized and existing under the laws of the State of New York. SOLID 21 believes and thereon alleges that this Defendant is either a wholly-owned subsidiary or an agent of Defendant PIERRE KUNZ GENEVE and together they infringe SOLID 21's trademark.

33.     SOLID 21 is informed and believes and on this basis alleges that defendant MGI LUXURY GROUP SA, is a corporation organized and existing under the laws of Switzerland. They are infringing Plaintiff's trademark through the following wholly-owned subsidiary/brand name: EBEL.

34.     SOLID 21 is informed and believes and on this basis alleges that defendant MOVADO RETAIL GROUP, INC. is a corporation organized and existing under the laws of the State of New Jersey. SOLID 21 believes and thereon alleges that this Defendant is either a wholly-owned subsidiary or an agent of Defendant MGI LUXURY GROUP SA and together they infringe SOLID 21's trademark.

Trademark First Amended Complaint For Damages                                        8

35.     SOLID 21 is informed and believes and on this basis alleges that defendant BULGARI S.p.A is a corporation organized and existing under the laws of Italy.  Defendant BULGARI S.p.A is infringing Plaintiff's trademark through its wholly owned subsidiary called Bulgari Time S.A., headquartered in Switzerland and operating under the brand name: GERALD GENTA.

36.     SOLID 21 is informed and believes and on this basis alleges that defendant BULGARI CORPORATION OF AMERICA is a corporation organized and existing under the laws of the State of New York. SOLID 21 believes and thereon alleges that this Defendant is either a wholly-owned subsidiary or an agent of Defendant BULGARI S.p.A and together they infringe SOLID 21's trademark.

## V.      FACTS COMMON TO ALL ALLEGATIONS

37.     SOLID 21 is the owner of a United States trademark registration as it relates to fine jewelry, watches, and related goods and services using its famous RED GOLD® mark, including Reg. No. 2,793,987 (referred to hereinafter as the "RED GOLD® Registrations") (see Exhibit 1 hereto).

38.     For over five years, SOLID 21 has been continuously and exclusively using and promoting its RED GOLD® trademark in connection with the design, manufacture, marketing and advertising of fine jewelry, watches and related goods and services.

39.     The RED GOLD® Registration is valid, subsisting and prima facie evidence of the validity of the mark covered by the RED GOLD® Registration, SOLID 21's ownership of this mark, and SOLID 21's exclusive right to use the RED GOLD® Registration in commerce nationwide.  The RED GOLD(R) mark for Reg. No. 2,793,987 has become incontestable.

40.     SOLID 21 has spent significant sums advertising and promoting its products and services throughout the United States and expanding its business offering goods and related products and services under the distinctive RED GOLD® mark. Solid 21 has spent millions of dollars in promotional efforts to brand RED GOLD(R)®, including direct advertising, aggressive public relations effort and product placement.  As part of this effort, Solid 21 has hosted several all-jewelry runway shows highlighting RED GOLD® in cites such s New York, Washington DC, Los Angeles, Lagos, London and Las Vegas.  Solid 21 has advertised in several jewelry trade and

1   consumer magazines and has been featured on several television shows, both domestically and

2   internationally. Solid 21 has promoted RED GOLD® on several award shows such as the

3   Academy Awards ("The Oscars"), Billboard Awards, Video Music Awards. Solid 21's celebrity

4   clients have featured RED GOLD® in their songs, music videos and movies.  As a result of these

5   efforts and continuous use, the RED GOLD® mark has become famous and associated with the

6   fine jewelry designed, manufactured, marketed and advertised by SOLID 21.

7   41.     SOLID 21 both adds to and relies upon the value and goodwill of the RED GOLD® Mark

8   to derive income from its business activities in connection with RED GOLD® and related goods

9   and services.

10   42.     SOLID 21 has developed watches and jewelry items using its RED GOLD® mark, all of

11   which have been successfully introduced into the marketplace.

12   43.     DEFENDANTS are international watch manufacturers and designers.

13   44.     Upon information and belief, at various times after SOLID 21, DEFENDANTS began

14   selling, marketing and advertising fine jewelry utilizing the RED GOLD® mark.  Upon

15   information and belief, DEFENDANTS advertised the manufacture and sale of fine jewelry and

16   watches using the RED GOLD® mark in their branding and marketing materials.

17   45.     SOLID 21 is informed and believes and on this basis alleges that DEFENDANTS also

18   allowed third parties to promote their product lines of fine jewelry and watches under the RED

19   GOLD® mark.

20   46.     DEFENDANTS are national and international watch manufacturers.  SOLID 21 is

21   informed and believes and on this basis alleges that DEFENDANTS utilized the RED GOLD®

22   mark in their marketing, advertising and sales of their product line of fine jewelry with full

23   knowledge of SOLID 21 and SOLID 21's use of and prior rights in the RED GOLD® mark with

24   respect to the manufacture, marketing, advertising and sale of fine jewelry, or in the alternative,

25   in negligent disregard for SOLID 21's trademark.

26   47.     DEFENDANTS' use of RED GOLD® with respect to their marketing, advertising and

27   sale of their own product line of fine jewelry is directly competitive with Plaintiff's use of RED

28   GOLD® in the same market and is likely to cause confusion, reverse confusion, mistake, and/or

Trademark First Amended Complaint For Damages                                           10

1    deception as to the source of DEFENDANTS' goods and services.

2    48.    SOLID 21 pleads the following facts concurrently or in the alternative to the prior facts

3    herein:

4         A.    SOLID 21 spent money and effort to develop, formulate, and create a metal alloy

5    gold derivative with an amber hue which it developed, branded and marketed as RED GOLD®.

6         B.    SOLID 21 became known and recognized in the fine jewelry and watches

7    marketplace for producing and marketing products including the metal alloy gold derivative with

8    an amber hue which it developed.  Similarly products containing the metal alloy gold derivative

9    with an amber hue became associated with the mark RED GOLD® and with SOLID 21.

10        C.    The gold with the amber hue developed by SOLID 21, in addition to giving

11   SOLID 21's products a distinctive look had the secondary use of identifying SOLID 21 and its

12   mark RED GOLD®.

13        D.    SOLID 21 is informed and believes that in order to capture the goodwill created

14   by SOLID 21's use of the gold alloy color it invented, DEFENDANTS began manufacturing,

15   developing and marketing fine jewelry and watch products using gold treated to create a hue

16   similar to the gold developed by SOLID 21.

17        E.    DEFENDANTS have used gold with this hue, which does not exist in gold's

18   natural state, but must be formulated, in order to create confusion in the marketplace and to

19   benefit from its association with luxury and finely made products – a meaning associated with

20   SOLID 21 and RED GOLD(R).

21   **VI.    FIRST CLAIM FOR RELIEF (COUNT 1) AGAINST ALL DEFENDANTS**

22                  (Trademark Infringement under Lanham Act, 15 U.S.C. § 3231)

23   49.    SOLID 21 repeats and re-allege paragraphs 1 through 47 as if fully set forth herein.

24   50.    SOLID 21 is the owner of all right, title and interest in and to the RED GOLD®

25   Trademark Registration.

26   51.    DEFENDANTS' use of the RED GOLD® mark to market, advertise and sell their

27   product line of fine jewelry and watches is likely to cause confusion, reverse confusion, mistake

28   and/or deception as to the source, sponsorship or approval of DEFENDANTS' product line in the

1  mistaken belief that SOLID 21 has somehow affiliated, connected or associated with

2  DEFENDANTS.

3  52.    DEFENDANTS' aforesaid acts constitute trademark infringement of a federally

4  registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

5  53.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

6  suffer damage and injury to its business, reputation and good will, and will sustain loss of

7  revenue and profits, while DEFENDANTS profit by their prohibited use.

8  54.    Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

9  complained of herein and cause said damages and injury, all to the immediate and irreparable

10  harm of SOLID 21.

11      **VII.    FIRST CLAIM FOR RELIEF (COUNT 2) AGAINST ALL DEFENDANTS**

12              (Trademark Infringement under Lanham Act, 15 U.S.C. § 3231)

13  55.    SOLID 21 repeats and re-allege paragraphs 1 through 54 as if fully set forth herein.

14  56.    SOLID 21 is the owner of all right, title and interest in and to the RED GOLD®

15  Trademark Registration.  SOLID 21 has developed an amber hue gold alloy which it uses in the

16  manufacture of its products and which has become associated with the RED GOLD® trademark.

17  57.    DEFENDANTS' have tried to mimic RED GOLD® by applying a red hue in the

18  manufacture of its fine jewelry and watches, such use which is likely to cause confusion, reverse

19  confusion, mistake and/or deception as to the source, sponsorship or approval of

20  DEFENDANTS' product line in the mistaken belief that SOLID 21 has somehow affiliated,

21  connected or associated with DEFENDANTS.

22  58.    DEFENDANTS' aforesaid acts constitute trademark infringement of a federally

23  registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

24  59.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

25  suffer damage and injury to its business, reputation and good will, and will sustain loss of

26  revenue and profits, while DEFENDANTS profit by their prohibited use.

27  60.    Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

28  complained of herein and cause said damages and injury, all to the immediate and irreparable

1  harm of SOLID 21.

2  **VIII.   SECOND CLAIM FOR RELIEF (COUNT 1) AGAINST ALL DEFENDANTS**

3  (Trademark Infringement under Lanham Act, 15 U.S.C. § 4334)

4  61.    SOLID 21 repeats and re-alleges paragraphs 1 through 47 and 49 through 54 as if fully set

5  forth herein.

6  62.    DEFENDANTS' use of the RED GOLD® mark to market, advertise and sell their

7  product line of fine jewelry is likely to cause confusion, reverse confusion, mistake or deception

8  as to the source, sponsorship or approval of DEFENDANTS' product line in the mistaken belief

9  that SOLID 21 has somehow affiliated, connected or associated with DEFENDANTS.

10  63.    DEFENDANTS' aforesaid acts constitute trademark infringement in violation of the

11  Lanham Act, 15 U.S.C. § 1125(a).

12  64.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

13  suffer damage and injury to their business, reputation and good will, and has and will sustain loss

14  of revenues and profits, while DEFENDANTS profit by their prohibited use.

15  65.    Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

16  complained of herein and cause said damages and injury, all to the immediate and irreparable

17  harm of Plaintiffs.

18  **IX.   SECOND CLAIM FOR RELIEF (COUNT 2) AGAINST ALL DEFENDANTS**

19  (Trademark Infringement under Lanham Act, 15 U.S.C. § 4334)

20  66.    SOLID 21 repeats and re-alleges paragraphs 1 through 48 and 61 through 65 as if fully set

21  forth herein.

22  67.    DEFENDANTS' use of the amber hue gold alloy developed by SOLID 21 and related to

23  its RED GOLD® Mark, to market, advertise and sell their product line of fine jewelry is likely to

24  cause confusion, reverse confusion, mistake or deception as to the source, sponsorship or

25  approval of DEFENDANTS' product line in the mistaken belief that SOLID 21 has somehow

26  affiliated, connected or associated with DEFENDANTS.

27  68.    DEFENDANTS' aforesaid acts constitute trademark infringement in violation of the

28  Lanham Act, 15 U.S.C. § 1125(a).

Trademark First Amended Complaint For Damages

1   69.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

2   suffer damage and injury to their business, reputation and good will, and has and will sustain loss

3   of revenues and profits, while DEFENDANTS profit by their prohibited use.

4   70.     Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

5   complained of herein and cause said damages and injury, all to the immediate and irreparable

6   harm of Plaintiffs.

7               **X.     THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

8                   (Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a))

9   71.     SOLID 21 repeats and re-alleges paragraphs 1 through 70 as if fully set forth herein.

10  72.     Through extensive, continuous and exclusive use for over four years, SOLID 21 is the

11  owner of all rights, title and interest in and to, and has acquired secondary meaning in, the

12  distinctive RED GOLD® Mark for its manufacture, marketing, advertising and sale of fine

13  jewelry, watches, and related goods and services.  For the purpose of this cause of action, the

14  mark being the words RED GOLD® used in this order "RED GOLD®" and/or alternatively the

15  amber hue gold alloy created and devised by SOLID 21.

16  73.     Through SOLID 21's ownership of the RED GOLD® Mark and reliance on the value and

17  goodwill of the RED GOLD® Mark, Plaintiff maintains a financial interest in its exclusive use of

18  the RED GOLD® Marks.

19  74.     DEFENDANTS' use of the RED GOLD® Mark to market, advertise and sell their

20  product line of fine jewelry and watches is likely to cause confusion, reverse confusion, mistake

21  or deception as to the source, sponsorship or approval of DEFENDANTS' product line in the

22  mistaken belief that SOLID 21 has somehow affiliated, connected or associated with

23  DEFENDANTS.

24  75.     DEFENDANTS' aforesaid acts constitute unfair competition with SOLID 21 in violation

25  of the Lanham Act, 15 U.S.C. § 1125(a).

26  76.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

27  suffer damage and injury to its business, reputation and good will, and will sustain loss of

28  revenues and profits, while DEFENDANTS profit by their prohibited use.

77.     Unless and until enjoined by this Court, DEFENDANTS' will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiffs.

## XI.     FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (COMMON LAW TRADEMARK INFRINGEMENT)

78.     SOLID 21 repeats and re-alleges paragraphs 1 through 78 as if fully set forth herein.

79.     Defendants acts alleged herein and specifically, without limitation, Defendants' use of the RED GOLD® mark, infringe SOLID 21's exclusive trademark rights in the RED GOLD® mark, in violation of the common law.

80.     As a result of Defendants' acts as alleged above, SOLID 21 has incurred damages in an amount to be proven at trial consisting of, among other things, diminution in the value of the goodwill associated with the RED GOLD® mark.

## XII.     SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (Unfair Competition under California Business & Professions Code § 17200 et seq.)

81.     SOLID 21 repeats and re-alleges paragraphs 1 through 80 as if fully set forth herein.

82.     Through SOLID 21's ownership of the RED GOLD® Mark and reliance on the value and goodwill of the RED GOLD® Mark, Plaintiff maintains a financial interest in its exclusive use of the RED GOLD® Marks.  For the purpose of this cause of action, the mark being the words RED GOLD® used in this order "RED GOLD®" and/or alternatively the amber hue gold alloy created and devised by SOLID 21.

83.     DEFENDANTS' use of the RED GOLD® mark to market, advertise and sell their product line of fine jewelry is likely to cause confusion, reverse confusion, mistake or deception as to the source, sponsorship or approval of DEFENDANTS' product line in the mistaken belief that SOLID 21 has somehow affiliated, connected or associated with DEFENDANTS.

84.     DEFENDANTS' aforesaid acts constitute unfair competition with Plaintiff within the meaning of California Business and Professions Code § 17200.

85.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

Trademark First Amended Complaint For Damages                                                15

1  suffer damage and injury to their business, reputation and good will, and will sustain loss of

2  revenues and profits, while DEFENDANTS profit by their prohibited use.

3  86.    Pursuant to California Business & Professions Code § 17203, Cisco is entitled

4  to preliminary and permanent injunctive relief ordering DEFENDANTS and each of them to

5  cease this unfair competition, as well as disgorgement of all of DEFENDANTS' profits

6  associated with this unfair competition. Unless and until enjoined by this Court, DEFENDANTS

7  will continue to perform the acts complained of herein and cause said damages and injury, all to

8  the immediate and irreparable harm of SOLID 21.

9  **XIII.   SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**

10  (Trademark Dilution under the Lanham Act, 15 U.S.C. § 1125(c))

11  87.    SOLID 21 repeats and re-allege paragraphs 1 through 86 as if fully set forth herein.

12  88.    SOLID 21's RED GOLD® Mark and Registration is a distinctive mark that has become

13  famous, and/or alternatively the amber gold hue created and devised by SOLID 21 is a distinctive

14  mark that has become famous.

15  89.    DEFENDANTS' commercial use of the RED GOLD® mark, in whichever form, to

16  market, advertise and sell their product line of luxury wrist watches and fine jewelry is causing

17  dilution of the distinctive quality of the RED GOLD® Mark and Registration, and/or

18  alternatively the amber gold hue created and devised by SOLID 21.

19  90.    DEFENDANTS' aforesaid acts constitute trademark dilution in violation of the Lanham

20  Act, 15 U.S.C. § 1125(c).

21  91.    By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

22  suffer damage and injury to its business, reputation and good will, and will sustain loss of

23  revenues and profits, while DEFENDANTS profit by their prohibited use.

24  92.    Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

25  complained of herein and cause said damages and injury, all to the immediate and irreparable

26  harm of SOLID 21.

27  ///

28  ///

Trademark First Amended Complaint For Damages

## XIV.   EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (False Description under the Lanham Act, 15 U.S.C. § 1125(a))

93.     SOLID 21 repeats and re-alleges paragraphs 1 through 92 as if fully set forth herein.

94.     SOLID 21's RED GOLD® Mark and Registration is a distinctive mark that has become famous, and/or alternatively the amber gold hue created and devised by SOLID 21.

95.     DEFENDANTS' commercial use of the RED GOLD® mark, in whichever form, to market, advertise and sell their product line of fine jewelry including watches is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of SOLID 21's products, or to deceive consumers as to the origin, sponsorship or approval of SOLID 21's products, all in dilution of the distinctive quality of the RED GOLD(R) Mark and Registration, and/or alternatively the RED GOLD(R) hue created and devised by SOLID 21.

96.     SOLID 21 avers that DEFENDANTS' use of the term RED GOLD® comprises a false description or representation of such business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

97.     By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to suffer damage and injury to its business, reputation and good will, and will sustain loss of revenues and profits, while DEFENDANTS profit by their prohibited use.

## XV.   NINTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### (Trademark Dilution under California Business and Professions Code 14330)

98.     SOLID 21 repeats and realleges paragraphs 1 through 97 as if fully set forth herein.

99.     SOLID 21 is the owner of the famous and distinctive RED GOLD® Mark and Registration, and/or alternatively the amber gold hue created and devised by SOLID 21.

100.    DEFENDANTS' commercial use of the RED GOLD® mark, in whichever form, to market, advertise and sell their product line of fine jewelry is causing likelihood of injury to business reputation or of dilution of the distinctive quality of the RED GOLD® Mark and Registration.

101.    DEFENDANTS' aforesaid acts constitute trademark dilution in violation of California

1  Business and Professions Code 14330.

2  102.   By reason of DEFENDANTS' aforesaid acts, SOLID 21 has suffered and will continue to

3  suffer damage and injury to its business, reputation and good will, and will sustain loss of

4  revenues and profits, while DEFENDANTS profit by their prohibited use.

5  103.   Unless and until enjoined by this Court, DEFENDANTS will continue to perform the acts

6  complained of herein and cause said damages and injury, all to the immediate and irreparable

7  harm of SOLID 21.

8  ### XVI.   TENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

9  (Declaratory Relief)

10  104.   SOLID 21 repeats and realleges paragraphs 1 through 103 as if fully set forth herein.

11  105.   An actual controversy has arisen and now exists relating to the rights and duties of the

12  parties herein in the RED GOLD® Mark for which judicial determination is required.

13  106.   SOLID 21 is and has been, for over five years, the owner of the RED GOLD® mark as

14  evidenced by, among other things, the RED GOLD® Registrations.

15  107.   SOLID 21 has taken all necessary steps to perfect its RED GOLD® Registrations and has

16  filed all items necessary to make the RED GOLD® mark incontestable.

17  108.   SOLID 21 has also devised and created a gold alloy with an amber hue, which it has

18  branded and marketed as "RED GOLD®" such a shade and hue which does not exist in gold's

19  natural state.  This is hue is also a mark of SOLID 21.

20  109.   DEFENDANTS and each of them have infringed upon SOLID 21's rights by, among

21  other things, using the "RED GOLD®" mark to describe and market its products, and/or

22  alternatively, by trying to duplicate the amber hue alloy gold developed and devised by SOLID

23  21, for use with their products.

24  110.   As such a judicial determination is needed setting forth the respective rights, interests,

25  and duties of all parties to this action.  Specifically, SOLID 21 seeks the following declaratory

26  relief: (1) that its RED GOLD® Registrations owned by SOLID 21 be deemed incontestable in

27  accordance with 15 USC §1065; (2) that the RED GOLD® amber hue alloy is an incontestable

28  mark owned by SOLID 21; and (3) that DEFENDANTS, each or some of them, acted in bad faith

1  in their infringing use of the RED GOLD® mark and/or in the alternative the RED GOLD®

2  amber hue alloy devised and created by SOLID 21.

3  ## XVII.  PRAYER FOR RELIEF

4  WHEREFORE, SOLID 21 prays that the Court award the following relief:

5  1.      That DEFENDANTS, and their agents, officers, employees, representatives, successors,

6  assigns, attorneys and all other persons acting for, with, by, through or under authority from

7  DEFENDANTS, and each of them, be preliminarily and permanently enjoined from:(a) using

8  SOLID 21's trademark depicted in Exhibit 1, or any colorable imitation thereof; (b) using any

9  trademark that imitates or is confusingly similar to or in anyway similar to SOLID 21's

10  trademark RED GOLD®, or that is likely to cause confusion, mistake, deception, or public

11  misunderstanding as to the origin of SOLID 21's products or their connectedness to

12  DEFNENDANTS, and each of them.

13  2.      That DEFENDANTS, and each of them, be required to file with the Court and serve on

14  SOLID 21 within thirty (30) days after entry of the Injunction, a report in writing under oath

15  setting forth in detail the manner and form in which DEFENDANTS, and each of them, have

16  complied with the Injunction;

17  3.      That, pursuant to 15 U.S.C. § 1117, DEFENDANTS be held liable for all damages

18  suffered by SOLID 21 resulting from the acts alleged herein;

19  4.      That, pursuant to 15 U.S.C. § 1117, DEFENDANTS, and each of them, be compelled to

20  account to SOLID 21, and that SOLID 21 be awarded, for any and all profits, gains, and

21  advantages derived by DEFENDANTS, and each of them,  from its illegal acts complained of

22  herein;

23  5.      That DEFENDANTS be ordered pursuant to 15 U.S.C. § 1118 to deliver up for

24  destruction product inventory (including watches and jewelry) all containers, labels, signs, prints,

25  packages, wrappers, receptacles, advertising, promotional material or the like in possession,

26  custody or under the control of DEFENDANTS bearing a trademark found to infringe SOLID

27  21's RED GOLD® trademark rights, as well as all plates, matrices, and other means of making

28  the same;

Trademark First Amended Complaint For Damages

1   6.      That DEFENDANTS, and each of them, be ordered pursuant to 15 U.S.C. § 1118 to

2   deliver up for destruction all gold and gold products, watches, and jewelry, and the like

3   manipulated with an amber hue alloy hue to resemble and mimic the RED GOLD® amber hue

4   alloy gold hue, in possession, custody or under the control of DEFENDANTS, and each of them,

5   bearing a trademark found to infringe SOLID 21's RED GOLD® trademark rights, as well as all

6   plates, matrices, and other means of making the same;

7   7.      That the Court declare this to be an exceptional case and award SOLID 21 its full costs

8   and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and 1125(c), and award SOLID

9   21 punitive and treble damages due to DEFENDANTS' willful and intentional acts of trademark

10  infringement, trademark dilution and unfair competition;

11  8.      Injunctive relief prohibiting DEFENDANTS, and each of them, from engaging in the

12  unlawful, unfair, deceptive, and misleading business practices described herein;

13  9.      Restoration of all money gained by DEFENDANTS, and each of them, by wrongly using

14  the unlawful, unfair, deceptive, and misleading business practices described in this Complaint;

15  10.     That it be determined that SOLID 21's RED GOLD® Registrations are incontestable;

16  11.     That it be determined that SOLID 21's RED GOLD® amber hue alloy is an incontestable

17  mark owned by SOLID 21;

18  12.     That it be determined that DEFENDANTS, each or some of them, acted in bad faith in

19  their infringing use of the RED GOLD® mark and/or in the alternative the RED GOLD® amber

20  hue alloy devised and created by SOLID 21

21  13.     That the Court grant Plaintiff any other remedy to which it may be entitled as provided

22  for in 15 U.S.C. §§ 1116 and 1117 or under state law;

23  14.     Interest on the above-requested damages;

24  15.     Costs of this action and,

25  ///

26  ///

27  ///

28  ///

Trademark First Amended Complaint For Damages                                              20

16.     For such and other further relief that the court deems just and proper

Dated: December 20, 2010                    RESPECTFULLY SUBMITTED:

                                            BITTON & ASSOCIATES


                                            OPHIR J. BITTON
                                            Attorneys for Plaintiff SOLID 21, INC.

Trademark First Amended Complaint For Damages                                    21

1

## DEMAND FOR TRIAL BY JURY

2

3     Pursuant to *Federal Rule of Civil Procedure* §38(b) SOLID 21 hereby demands a trial by

4  jury.

5  Dated: December 20, 2010                    RESPECTFULLY SUBMITTED:

6
                                              BITTON & ASSOCIATES
7

8                                             OPHIR J. BITTON
9                                             Attorneys for Plaintiff SOLID 21, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# The United States of America

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.

The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.

A copy of the Mark and pertinent data from the application are part of this certificate.

This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.



Director of the United States Patent and Trademark Office

## Requirements for Maintaining a
## Federal Trademark Registration

## SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. §1058, upon the expiration of the following time periods:

     i)  At the end of 6 years following the date of registration.
     ii) At the end of each successive 10-year period following the date of registration.

*Failure to file a proper Section 8 Affidavit at the appropriate time will result in the cancellation of the registration.*

## SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. §1059, at the end of each successive 10-year period following the date of registration.

*Failure to file a proper Application for Renewal at the appropriate time will result in the expiration of the registration.*

**No further notice or reminder of these requirements will be sent to the Registrant by the Patent and Trademark Office. It is recommended that the Registrant contact the Patent and Trademark Office approximately one year before the expiration of the time periods shown above to determine the requirements and fees for the filings required to maintain the registration.**

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

Reg. No. 2,793,987

**United States Patent and Trademark Office**    Registered Dec. 16, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## RED GOLD

SOLID 21 INCORPORATED (NEVADA COR-
PORATION)
315 WEST 9TH STREET SUITE 1211
LOS ANGELES, CA 90015

FOR: FINE JEWELRY MADE OF A SPECIAL
ALLOYING OF GOLD WITH A DISTINCT COLOR
MADE INTO FINE JEWELRY, NAMELY,
WATCHES, NECKLACES, BRACELETS, RINGS,
ANKLETS, CUFF LINKS, ORNAMENTAL HAIR
PINS, BELT BUCKLES OF PRECIOUS METAL, TIE

CLIPS AND PEGS, AND EARRINGS, IN CLASS 14
(U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 12-13-1989; IN COMMERCE 12-13-1989.

SER. NO. 76-434,708, FILED 7-25-2002.

ALICE SUE CARRUTHERS, EXAMINING ATTOR-
NEY

**EXHIBIT 2**

Side - 1



**NOTICE OF ACCEPTANCE AND ACKNOWLEDGEMENT OF §§8 & 15 DECLARATION**
**MAILING DATE: Aug 21, 2009**

The combined declaration of use and incontestability filed in connection with the registration identified below meets the requirements of Sections 8 and 15 of the Trademark Act, 15 U.S.C. §1058 and 1065. The combined declaration is accepted and acknowledged. The registration remains in force. For further information about this notice, visit our website at: http://www.uspto.gov. To review information regarding the referenced registration, go to http://tarr.uspto.gov.

**REG NUMBER:**    2793987
**MARK:**          RED GOLD
**OWNER:**         Solid 21 Incorporated

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA 22313-1451

FIRST-CLASS
MAIL
U.S POSTAGE
PAID

Christopher Aire
Solid 21 Incorporated
22287 Mulholland Highway, suite 82
CALABASAS, CA 91302